FILED
SUPERIOR COURT
OF GUAM

2023 FEB -3 PM 12: 02

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | CIVIL CASE NO. **CV0471-07** |
| Plaintiffs, | |
| vs. | |
| FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the ESTATE OF JESUS U. TORRES, Deceased, and PETER F. PEREZ, | **DECISION AND ORDER** |
| Defendants. | |
| DANIEL U. TORRES and BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTEBAN TORRES FAMILY TRUST DATED MAY 12, 1995, | |
| Plaintiff Intervenors, | |
| vs. | |
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | |
| Defendants, | |
| and | |
| GLORIA C. SHOLING, | |
| Third-Party Defendant. | |

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 1 of 11

# INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Third-Party Cross-Claim Defendants Estate of J.U. Torres and the Heirs of Mariquita O.T. Cruz's Motion to Dismiss Third-Party Cross-Claims and Denial of Jury Trial. Attorney Phillip Torres represents the Estate of Jesus U. Torres and the Heirs of Mariquita O.T. Cruz. Attorney Joyce Tang represents Third-Party Defendant Gloria C. Sholing ("Gloria"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

# BACKGROUND

This matter commenced in April 2007, with the filing of Plaintiffs Rosario S. Bautista and Manuel C. Sholing's (collectively, "Plaintiffs") Complaint against Francisco Torres, individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres ("Defendant Torres") and Peter F. Perez ("Defendant Perez"). This matter stems from a 1987 retainer agreement ("1987 Agreement") between Ms. Ana Sholing and Attorney Jesus U. Torres,[1] in which Attorney Torres would provide legal services in exchange for ten percent (10%) of the monthly rental earnings from the Pacific Island Club Property for a period of twenty-five (25) years, until 2012. *See generally,* Compl., Apr. 23, 2007. Plaintiffs allege improprieties in the handling of their business and financial affairs by Attorney Torres and, following his death, by Defendant Perez. *Id.* This matter has an extensive procedural history. The background set forth below is relevant to the instant motion.

On December 28, 2009, Plaintiff Intervenors filed a Complaint in Intervention against Plaintiffs and Gloria. Plaintiff Intervenors sought to enforce the 1987 Agreement and collect rents which were previously paid to Defendant Perez between 2002 and 2007, and 10% of the rents through 2012. *See* Compl. in Intervention, Dec. 28, 2009.

On February 26, 2010, Gloria filed her Answer.

On April 1, 2010, Gloria filed an Amended Answer and Counterclaims with Request for Jury Trial.

---

[1] Attorney Torres passed away in August 2002, and Ana Sholing passed away in September 2005. 2017 Guam 17 ¶ 7.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 2 of 11

On May 28, 2010, Gloria moved to dismiss Plaintiff Intervenors complaint for lack of standing.

On June 10, 2010, Gloria moved for leave of Court to amend her Amended Answer and Counterclaims to add additional claims for: (1) Declaratory Judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres; (2) Fraud in the Inducement; (3) Breach of Fiduciary Duty; and (4) Breach of Contract against Counterclaim-Defendants. (Mot. Leave at 1, Jun. 10, 2010). Gloria Sholing also sought to add Third-Party Cross-Claim against the Estate of J.U. Torres, Francisco U. Torres, Esteban U. Torres, Mary D. Montesinos (Heir of Rita U. Torres), Tomas T. Cruz, Gertrudes T. Cruz, Esteban T. Cruz, Roque T. Cruz, Daniel T. Cruz, Francisco T. Cruz, Julie T. Cruz (Heirs of Maria T. Cruz), and Arlene A. Cruz, Steven Cruz, Lavene Cruz and Christy Cruz (Heirs of Ignacio T. Cruz) for: (1) Declaratory Judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres; (2) Fraud in the Inducement; (3) the 1987 Property Management and Retainer Agreement is void due to lack of consideration; (4) Breach of Fiduciary Duty; (5) Breach of Contract; and (6) that the 1987 Agreement is void for lack for unconscionability. *Id.*

On July 14, 2010, Plaintiff Intervenors filed their Opposition.[2]

On July 22, 2010, Gloria filed her Reply.

On July 28, 2010, the parties appeared before the Honorable Katherine A. Maraman[3] to address several motions, including Gloria's Motion for Leave.

On April 17, 2013, the court granted summary judgment for Defendant Perez.[4] (Dec. & Order, Apr. 17, 2013).

---

[2] The opposition filed was a combined opposition to both Gloria Sholing's Motion for Leave and to a separate motion filed by Plaintiffs for leave to File a Fourth Amended Complaint.

[3] The matter was reassigned to this Court in 2018. *See* Notice of Judge Assignment, Apr. 10, 2018.

[4] The Supreme Court of Guam affirmed the trial court's granting of summary judgment for Defendant Perez as to counts five through seven but reversed as to the eighth count and tenth through twelfth counts. *See Bautista v. Torres,* 2020 Guam 28.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

On May 31, 2013, the court dismissed Plaintiff Intervenors' claims against Gloria, finding they lacked standing.[5] (Dec. & Order, May 31, 2013).

On October 13, 2014, the court granted summary judgment for Defendant Torres on the same grounds as Defendant Perez.[6] (Dec. & Order, Oct. 13, 2014).

On September 9, 2016, the court granted summary judgment for Plaintiff Intervenors against Gloria C. Sholing's counter-claims based on similar grounds as Defendants Torres and Perez. (Dec. & Order, Sep. 9, 2016).

The court did not issue a written decision as to Gloria's Motion for Leave; however, within its decision and order on Plaintiff Intervenors' Motion for Summary Judgment the court found that "Gloria Sholing's counterclaims were barred, whether by application of the law of the case doctrine or an independent application of the statutes of limitation. It also found that the doctrine of recoupment did not apply to preserve Gloria Sholing's claims because laches still applied." *Bautista v. Torres*, 2017 Guam 17 ¶ 14. "In disposing of the claims, the trial court also engaged briefly with Gloria Sholing's fraud claim, even though it had not formally acted on the motion to file amended pleadings in which the claim was proffered." *Id.*

On appeal, the Supreme Court of Guam found that the "trial court abused its discretion when it impliedly denied Gloria Sholing's motion to file amended pleadings based, at least in part, on an incomplete application of her argument." *Id.* at ¶ 28. The Supreme Court further advised that on remand, "the trial court should reconsider the motion to file amended pleadings in the context of discerning the proper application of the discovery rule to the claims contained therein." *Id.* On remand, this Court subsequently granted in part the Motion for Leave to File Second Amended Answer and Counterclaims and Third Party-Cross Claims. *See* Dec. & Order, Jul. 25, 2022.

On August 8, 2022, Gloria filed her Second Amended Answer and Counterclaims, and Third-Party Cross-Claims, with Request for Jury Trial. Both the counterclaim and third-party

---

[5] The Supreme Court affirmed the trial court's dismissal of the Plaintiff Intervenors' claims against Gloria C. Sholing, but on the alternative ground of waiver. 2020 Guam 28 ¶ 43.

[6] The Supreme Court affirmed the trial court's granting of summary judgment for Defendant Torres. *See id.*

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 4 of 11

cross-claim allege fraud in the inducement against the Intervenor Plaintiffs and Third-Party Defendants Francisco U. Torres, Esteban U. Torres, Mary D. Monesinos (Heir of Rita U. Torres), Tomas T. Cruz, Gertrudes T. Cruz, Esteban T. Cruz, Roque T. Cruz, Daniel T. Cruz, Francisco T. Cruz, Julie T. Cruz, (Heirs of Maria T. Cruz), and Arlene A. Cruz, Steven Cruz, Lavene Cruz and Christy Cruz (Heirs of Ignacio T. Cruz), and the Estate of J.U. Torres.

On August 29, 2022, Plaintiff Intervenors filed a Motion to Dismiss Gloria C. Sholing's Second Amended Counterclaim Pursuant to Guam Rules of Civil Procedure 9(b), 12(b)(6), and 12(b)(7).

On September 1, 2022, the Estate of J.U. Torres and the Heirs of Mariquita O.T. Torres ("Third-Party Cross-Claim Defendants") filed a Motion to Dismiss Third-Party Cross-Claims and Denial of Jury Trial.

On September 27, 2022, Francisco Torres filed a Joinder in the Motion to Dismiss Third-Party Cross-Claims and Denial of Jury Trial.

On October 3, 2022, Gloria filed her Opposition to the Motion to Dismiss Third-Party Cross-Claims along with a Declaration of Joyce CH Tang in Support of the Opposition.

On October 18, 2022, the Third-Party Cross-Claim Defendants filed their Reply.

On October 19, 2022, Francisco Torres filed a Joinder in the Estate's Reply to Gloria's Opposition.

On October 19, 2022, the Court placed the matters under advisement without further oral argument.

## DISCUSSION

The Third-Party Cross-Claim Defendants move to dismiss the one count of Fraud in the Inducement under GRCP Rules 12(b)(6) and 9(b). *See generally*, Mot. Dismiss, Sep. 1, 2022.

### I. GRCP 9(b) Legal Standard

To successfully plead a claim of fraud, a plaintiff must plead facts with sufficient particularity to demonstrate the elements of fraud. *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 12 ("Taitano I"); *see also* Guam R. Civ. P. 9(b) (requiring that "the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 5 of 11

other conditions of mind of a person may be averred generally."). "Fraud claims are special matters that are subject to a heightened pleading standard." *Ukau v. Wang*, 2016 Guam 26 ¶ 35. Thus, "[w]hen reviewing a Rule 12(b)(6) dismissal for failure to plead a fraud claim pursuant to Rule 9(b), [the court] must determine . . . whether the complaint pleaded facts with sufficient particularity." *Id.* at ¶ 35 (citation omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Taitano I*, 2008 Guam 12 ¶ 15 (citation omitted). "[T]wo separate elements of the tort of fraud have very different pleading requirements: the fact that a misrepresentation occurred must be plead with particularity, the fact that a defendant knew that the misrepresentation was false may be averred generally." *Id.* at ¶ 19. "The allegation must include enough detail to give defendants notice of the particular fraudulent misconduct so that they can defend against the charge and not just deny that they have done anything wrong. The pleading must be specific enough to give defendants notice of the who, what, when, where, and how of the misconduct charged." *Id.* at ¶ 25 (internal citations, quotation marks, and alterations omitted).

**II. GRCP 12(b)(6) Legal Standard**

When considering a Rule 12(b)(6) dismissal, failure to state a claim upon which relief can be granted, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 ("Taitano II") (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 6 of 11

on which the complaint heavily relies." *Newby*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

## III. Fraud in the Inducement

"The elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9 (citation and quotation marks omitted). "Fraud in the inducement is fraud occurring when a misrepresentation leads another to enter into a transaction with a false impression of risks, duties, or obligations involved." *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 42 (quoting *Black's Law Dictionary* 731 (9th ed. 2009)). *See also Dhital v. Nissan N. Am., Inc.*, 300 Cal. Rptr. 3d 715, 723 (Cal. App. 2022) ("Fraud in the inducement is a subset of the tort of fraud. It occurs when the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable.").

Here, the Third-Party Cross-Claim Defendants argue that Gloria has not set forth facts to indicate the "who, what, when, where, and how" the misrepresentation occurred. *See generally*, Mot. Dismiss at 6-8. The Third-Party Cross-Claim Defendants set forth that "[t]he allegations in Count 1 are full of supposition and contradictory allegations from which the Court cannot draw reasonable inferences of conduct." (Mot. Dismiss at 6). The Third-Party Cross-Claim Defendants also set forth that "Gloria makes no specific allegations against the heirs of Mariquita O.T. Cruz." *Id.* at 7.

"The allegation must include enough detail to give defendants notice of the particular fraudulent misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Taitano I*, 2008 Guam 12 ¶ 25 (internal quotation marks, alterations, citation omitted). The cross-claim must "be specific enough to give defendants notice of the who, what, when, where, and how" the fraud occurred. *Id.* at ¶ 25. The cross-claim sets forth the following relevant facts:

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 7 of 11

40. Based on the express terms of the 1967 Contract and the 1967 Torres Letter, all of the work for the Sholing Family relating to the PIC Property had been paid in full by September 30, 1987, and Torres was not entitled to additional compensation, attorney's fees, remuneration, charges, or share of the rents from the PIC Property.

41. The 1967 Letter was addressed only the Manuel Torres. Gloria Sholing was not aware of the existence of and had not seen a copy of the 1967 Torres Letter until March or April 2010, when the letter was produced during discovery in this lawsuit.

* * *

50. Until she received a copy of the 1967 Torres Letter in March or April 2010, Gloria Sholing was unaware of the fact that the 1967 Contract and the $48,000.00 paid to Torres covered all *future work* to be performed for the Sholing Family and that the Sholing Family would *not* have to pay any attorneys' fees after September 30, 1987.

* * *

55. The services provided by Torres in connection with the negotiation of the Rent Confirmation Agreement had been paid for under the 1967 Contract.

56. Torres failed to disclose to Ana Sholing and each of the Sholing Heirs the fact that the 1967 Contract covered all future legal work, including work performed in 1986 and 1987, and that no further attorneys fees would be paid.

57. Torres failed to advise Ana Sholing and each of the Sholing Heirs regarding the ethical conflicts in entering into the 1987 Agreement.

58. Torres failed to advise Ana Sholing and each of the Sholing Heirs to obtain separate legal counsel to advise them regarding the 1987 Agreement.

59. Relying on her trust and kinship with Torres, Ana Sholing signed the 1987 Agreement for herself and on behalf of he three adult children, as their attorneys-in-fact.

60. There was no reason or need for the 1987 Agreement since Torres had agreed to perform the work under the 1967 Contract.

* * *

86. At the time Torres prepared and presented the 1987 Agreement to Ana Sholing he knew that he had already been paid for the legal services related to the PIC Property, including work performed or to be performed relating to the Rent Adjustment;

87. At the time Torres prepared and presented the 1987 Agreement to Ana Sholing he knew that he was not entitled to additional payments for legal services related to

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 8 of 11

the PIC Property, including work performed or to be performed relating to the Rent Adjustment.

88. At the time Torres prepared and presented the 1987 Agreement to Ana Sholing he knew that Ana Sholing was elderly, that she had a limited education, that she trusted him, and that she was his client.

89. The 1987 Agreement contained misrepresentations regarding Torres entitlement to additional fees for legal services related to the PIC Property, and Torres knew those representations were false when he asked Ana Sholing to sign the 1987 Agreement.

90. Torres intentionally misled and defrauded Ana Sholing and Gloria Sholing by failing to disclose the existence of the 1967 Letter.

91. Torres intentionally misled and defrauded Ana Sholing and Gloria Sholing by representing in the 1987 Agreement that the work performed in connection with the Rent Confirmation Agreement and that future legal services would also require additional payment, equal to ten percent (10%) of the rentals collected by the PIC Property.

92. Torres intentionally misled and defrauded Ana Sholing and Gloria Sholing by failing to advise them that all "future work" to be performed after payment of $48,000 under the 1967 contract, would be free, and that no attorneys fees would have to be paid.

93. Torres fraudulently induced Ana Sholing to execute the 1987 Agreement for herself and as the attorney in fact for Gloria Sholing.

94. Ana Sholing and Gloria Sholing trusted Torres, and relied on Torres' representations because he was her attorney and a close family relative. Ana Sholing was justified in relying on the representations of Torres.

95. As a result of the fraudulent acts of Torres as described above, Gloria Sholing suffered damages in that rent from the PIC Property to which she was entitled was instead paid to Torres and later to the Estate.

96. Gloria Sholing is entitled to recover from the Third-Party Cross-Defendants, in amounts according to proof, together with interest on such amounts from the dates they were improperly paid to Torres during his lifetime or his Estate.

(Sec. Am. Answer (Cross-Claim) at 27-28, ¶¶ 86-96).

Upon review, the Court finds that Gloria's cross-claim does not set forth any facts alleging that the heirs of Mariquita O.T. Cruz made any misrepresentations to her and/or Ana Sholing.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 9 of 11

Although Gloria argues that the heirs wrongfully received monies under the agreement, the Court does not find that sufficient on its own to support her claim for fraud in the inducement against them. The Court, however, finds that Gloria's cross-claim sets forth facts relevant to actions allegedly made by Torres. In this case, reviewing the cross-claim in the light most favorable to Gloria, *Taitano II*, 2009 Guam 9 ¶ 6, the Court finds that Gloria has alleged with particularity that there were misrepresentations made by Torres, *see* Cross-Claim ¶¶ 16-28, 35-41, 50-56, that Torres had knowledge of the falsity, *see* Cross-Claim ¶¶ 86-89, that Torres misled and defrauded Ana Sholing, *see* Cross-Claim ¶¶ 90-93, that Ana Sholing believed and relied on the representations, *see* Cross-Claim ¶¶ 16, 35-39, 94, and that damages were suffered, *see* Cross-Claim ¶¶ 40-43; 95-96. Lastly, as to any arguments regarding the statute of limitations for the fraud claim, *see* Mot. Dismiss at 9, the Court notes that it had previously decided that the fraud claim was not time-barred. *See* Dec. & Order at 10, Jul. 25, 2022.

**IV. Leave to Amend**

In her Opposition to the Motion to Dismiss, Gloria moves in the alternative for leave to amend her cross-claim for specificity should the Court grant Cross-Claim Defendants' Motion to Dismiss as to one or more of the defendants. (Opp'n at 16-18). Rule 15 of the Guam Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." Guam R. Civ. P. 15(a). "Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (citations omitted). "As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* at 1108. To the extent that Gloria seeks leave to amend her cross-claim for specificity as to the fraud claim for the heirs of Mariquita O.T. Cruz, the Court does not find that she can correct the defect, as it is not clear that any facts could be presented showing how the heirs committed acts of misrepresentation. Gloria, however, also sets forth that she "will file a motion [to] further amend the Cross-Claim to include claims against the J.U. Torres Heirs based on assumpsit or quantum

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 10 of 11

meruit." (Opp'n at 17). Gloria further argues that "[l]eave to amend would particularly be warranted under these circumstances considering Ms. Sholing's Cross-Claim was drafted and submitted to the Court on June 10, 2010 . . . as part of her Motion for Leave to File Second Amended Answer, Counterclaim, and Cross-Claim. The Cross-Claim was drafted based on facts and circumstances known to Ms. Sholing at the time, and a great deal has happened since 2010." *Id.* at 18. The Court declines at this stage to determine whether or not additional claims for assumpsit or quantum meruit would survive an evaluation under the *Foman v. Davis*, 371 U.S. 178 (1961), factors. Gloria may file a separate motion to address this issue further.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART the Third-Party Cross Claim Defendants' Motion to Dismiss. The Court grants the Motion as to the heirs of Mariquita O.T. Cruz but denies the Motion as to the Estate of J.U. Torres.

**IT IS SO ORDERED** this 3rd day of February, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
Wink, Ramon, John Terlaje, Phillips, Thompson, civille, Torres
Date: _____ Time: 2/3/23
_Joseph Bamba, Jr._
Deputy Clerk, Superior Court of Guam

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 11 of 11